# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES PATRICK OLIVER and ) <br> AMANDA OLIVER, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v.   ) <br>   ) <br> STATE FARM FIRE AND CASUALTY ) <br> COMPANY; TIM CUSTER INSURANCE ) <br> AGENCY, INC. and TIM CUSTER, ) <br>   ) <br>   Defendants. ) | Case No. CIV-24-789-SLP <br><br> (District Court of Oklahoma <br> County, Case No. CJ-2024-3861) |

## **O R D E R**

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 9]. Defendant State Farm Fire and Casualty Company (State Farm) has filed a Response [Doc. No. 10] and Plaintiffs have filed a Reply [Doc. No. 11].[1] The matter is at issue. For the reasons that follow, Plaintiffs' Motion is GRANTED.

## **I. Introduction**

This action, arises out of State Farm's denial of an insurance claim for wind and/or hail damage to Plaintiffs' roof during a storm. Plaintiffs purchased the policy of insurance covering the claim through State Farm's agents, Defendants Tim Custer and Tim Custer Insurance Agency, Inc. (collectively the Custers).

Plaintiffs filed this action in the District Court of Oklahoma County, State of Oklahoma. State Farm removed the action on the basis of diversity jurisdiction under 28

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

U.S.C. § 1332.  State Farm acknowledges that the Custers are non-diverse defendants, *see* Notice of Removal [Doc. No. 1], ¶ 5, but contends the Custers have been fraudulently joined in this action.  Plaintiffs contest State Farm's assertion of fraudulent joinder and move to remand the action to state court.

## II.     Governing Standard

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper. *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 946-47 (10th Cir. 2014).  A defendant may remove a civil action from state court to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a).  Original jurisdiction based on diversity exists where no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000 (exclusive of interest and costs). *See* 28 U.S.C. §§ 1332(a), 1441(b)(1); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

If a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction under § 1332, such fraudulent joinder does not prevent removal.  In such cases, the fraudulently joined defendant is ignored for the purpose of assessing complete diversity.  *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967)); *see also Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) ("When [fraudulent joinder] occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes.").

The removing defendant faces a heavy burden of proving fraudulent joinder and all factual and legal issues are resolved in the plaintiff's favor. *Dutcher*, 733 F.3d at 988. To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Id.*[2]

Under the "actual fraud" prong, a defendant must basically show that plaintiff "lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177 at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the "inability to establish a cause of action" prong, the defendant must show that there is "no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at *1 (10th Cir. Apr. 14, 2000) (cleaned up). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* at * 2; *see also Dutcher*, 733 F.3d at 988 (the question of fraudulent joinder is not to be confused with whether "plaintiffs have stated a valid claim" against the allegedly fraudulently joined defendants); *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded.).

---

[2]State Farm argues that it has established fraudulent joinder under each of these prongs.

## III. <u>Plaintiffs' Allegations</u>

On June 17, 2023, Plaintiffs' home was damaged by a wind and/or hail event. Am. Compl., ¶ 16.³ Plaintiffs timely reported the loss and subsequent damage to State Farm and submitted a claim. *Id*., ¶¶ 17-18. State Farm's adjusters identified damage to Plaintiffs' property and prepared an estimate using Xactimate, an estimating platform designed by Xactware, Inc. The estimate reflected only a portion of the covered damage and was "unreasonably low." *Id*., ¶ 23. The true cost of repairing Plaintiffs' damaged roof is $25,729.00. *Id*., ¶ 24. State Farm ignored obvious wind and/or hail damage and refused to make payment to Plaintiffs on their claim. *Id*., ¶ 25.

State Farm has instituted statewide programs, including the Hail Focus program, to reduce the amount it pays on valid claims. *Id*., ¶ 28. State Farm has also reengaged HAAG Engineering training for its adjusters "despite State Farm's moratorium on the use of HAAG Engineering following a series of rulings, verdicts, and findings reflecting HAAG's bias toward State Farm." *Id*., ¶ 29. By implementing these programs. "State Farm systematically underpaid Plaintiffs' claim [and] "has underpaid numerous claims submitted by its other insureds." *Id*., ¶ 30.

State Farm agents and adjusters, including the Custers, knew or should have known about these programs and State Farm's "outcome-based Scheme to wrongfully lower indemnity payments owed to insureds on covered claims, specifically, total roof

---

³ Although Plaintiffs initiated this action with the filing of a Petition and Amended Petition in state court, consistent with federal nomenclature and the Federal Rules of Civil Procedure, the Court refers to the operative Amended Petition in this case as the Amended Complaint.

4

replacements." *Id*., ¶¶ 59-60, 62.  Yet, the Custers suppressed the information and never disclosed this scheme to Plaintiffs upon renewal of their policy each year.  *Id*., ¶¶ 63-64.  Additionally, the Custers advised Plaintiffs they would be covered in the event of wind and/or hail loss to their roof.  *Id*., ¶ 65.  The Custers represented to Plaintiffs "that their property met State Farm's underwriting requirements for coverage bound."  *Id*., ¶ 13.

Based on these allegations, Plaintiffs bring state-law claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing.  *See* Am. Compl. at ¶¶ 33-55 (Counts I and II).  Plaintiffs further allege a claim against the Custers for negligence and deceit.  *Id*., ¶¶ 56-66 (Count III).

**IV.    Discussion**

    **A.    Inability to Establish a Cause of Action**

Under Oklahoma law, an insurance agent has a duty to "use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos*., 979 P.2d 266, 269 (Okla. Civ. App. 1999).  In keeping with that duty, an agent must "offer coverage mandated by law and for needs that are disclosed by the insureds. . . ." *Rotan v. Farmers Ins. Grp. of Cos., Inc*., 83 P.3d 894, 895 (Okla. 2003).

In support of their claim, Plaintiffs allege that the Custers inspected or should have inspected their property at the time the policy was issued or renewed.  Plaintiffs further allege that the Custers represented to Plaintiffs that their property met State Farm's underwriting requirements.  And Plaintiffs allege the Custers knew or should have known that State Farm had implemented the Hail Claim Focus Initiative which was designed to

5

wrongfully lower indemnity payments owed to insureds on covered claims and specifically total roof replacements. According to Plaintiffs, notwithstanding knowledge of this Initiative, the Custers advised Plaintiffs that they would be covered in the event of wind and/or hail loss to their roof.

In their Motion to Remand, Plaintiffs supplement their allegations, stating that the Custers represented to them that they would have full replacement coverage in the event of hail or other damage to their roof. Pls.' Mot. at 6. Plaintiffs state that the Custers served as State Farm's "first line of underwriting" and based on the representation of full replacement coverage, the Custers were required to "conduct an inspection of the property to be insured including the roof and independently verify its condition both for State Farm to provide coverage, and for [their] representation to the Plaintiffs that the policy w[ould] cover roof damage and the roof w[ould] be replaced if damaged." *Id*. Plaintiffs further state that "[i]f the roof was found to have damage – whether as a result of defective construction, deterioration, inadequate workmanship, age or otherwise – [the Custers] had an independent duty to report the damage to both State Farm and Plaintiffs." *Id*. at 6-7. Instead of doing so, the Custers "represented the roof was free from damage and eligible for replacement cost coverage in the event of a loss." *Id*. at 7. The Custers "did not advise Plaintiffs that their roof was ineligible for replacement if hail damaged as it was here." *Id*.

As to the Hail Claim Focus Initiative, Plaintiffs state that this Initiative was "well known" to the Custers and was "designed to prevent full coverage for hail claims." *Id*. Thus, Plaintiffs claim the Custers had a duty to disclose the existence of the Initiative. *Id*.

6

State Farm asks the Court to reject consideration of any supplementation of Plaintiffs' claims with matters set forth in Plaintiffs' Motion because Plaintiffs "have not sought leave to amend their Complaint." Resp. at 27-28. The Court, however, deems it proper to consider the supplemental allegations. As the Tenth Circuit has explained: "[u]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted). And district courts within the Tenth Circuit have considered allegations included in a motion to remand under similar circumstances. *See, e.g., Jackson v. State Farm Fire & Cas. Co.*, 647 F. Supp.3d 1195, 1200-01 (W.D. Okla. 2022) (by arguing that the plaintiffs should be faulted for "supplying different or additional facts" to the motion to remand, the defendant "overlook[ed] the standard of decision"; "[t]here is no requirement that the [c]ourt's inquiry must be limited to the allegations of a plaintiff's complaint" and "no rule prohibiting a plaintiff from supplying additional factual details after fraudulent joinder is asserted"); *Rodgers v. United Air Lines, Inc.*, No. 13-CV-00218-CMA-MEH, 2013 WL 1951673 at *2 (D. Colo. May 9, 2013) (rejecting the defendant's argument that factual allegations in the plaintiff's motion to remand that were not alleged in the complaint could not be considered by the court). The fact that Plaintiffs have not yet amended their complaint is inconsequential. *See Nerad*, 203 F. App'x at 914 (condoning district court's consideration of "future amendments" that would supplement claim existing at time of removal for purposes of determining whether there was a "possibility that the non-diverse

7

party could be liable to the plaintiff in state court" – a jurisdictional inquiry supporting remand).

Upon review of the totality of Plaintiffs' allegations, the Court cannot say with complete certainty that Plaintiffs have failed to state a claim against the Custers. Plaintiffs have sufficiently alleged a breach of the Custers' duty. Plaintiffs allege State Farm's denial was contrary to the Custers' representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage. Additionally, Plaintiffs have sufficiently alleged they suffered damages as a result of the breach as Plaintiffs purchased the policy from the Custers, but the policy did not provide the coverage as expected or requested.

Moreover, under Oklahoma law, a duty to speak may arise from a partial disclosure. *Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1195 (10th Cir. 1994) (the law imposes a duty to speak from a partial disclosure because "the speaker is under a duty to say nothing or to tell the whole truth" (citation and internal quotation marks omitted)); *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353-54 (Okla. 1988) ("Although a party may keep absolute silence and violate no rule of equity, yet, if he volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to disclose the whole truth."). Plaintiffs' allegations regarding the Hail Claim Focus Initiative support a duty to speak by the Custers.

### B.     Actual Fraud

State Farm argues that "new representations" set forth in Plaintiffs' Motion "are completely false and fraudulently asserted." Resp. 28. State Farm points to the Declaration of Tim Custer to show that Plaintiffs' representations are false. *Id*. *citing* Custer Decl. [Doc. No. 10-9]. The Court finds the Declaration is insufficient to demonstrate actual fraud. The Declaration in large part challenges the veracity of the supplemental allegations made by Plaintiffs in their Motion. *Cf. Sallee v. Ready*, No. 12-CV-116-TCK-PJC, 2012 WL 3061493 at *3 (N.D. Okla. July 26, 2012) (unpublished op.) (it is not permissible for the court to assess evidence and weigh credibility in the context of a fraudulent joinder analysis); *Kyger v. State Farm Fire & Cas. Co.*, 649 F. Supp. 3d 1200, 1203 (W.D. Okla. 2022) (it would be improper for the court to "prejudge the credibility of Plaintiff's allegations" when determining whether remand on grounds of fraudulent joinder were proper).

Although a district court is not "compelled to believe whatever the plaintiff says in his complaint" nor is the court's objective to "pre-try the merits of the plaintiff's claims." *Brazell*, 525 F. App'x at 881. Here, disputed assertions of representations made (or not made) to Plaintiffs are at play. And, as previously set forth, the Court must resolve all factual and legal issues in Plaintiffs' favor. Accordingly, the Court finds State Farm has insufficiently demonstrated actual fraud in pleading jurisdictional facts.

In sum, having reviewed the record and in light of the heavy burden faced by State Farm, the Court concludes State Farm has failed to show fraudulent joinder under either prong of the analysis. Although (in rather conclusory fashion), State Farm seeks "a short

9

period of jurisdictional discovery" should the Court find the evidence "insufficient to deny remand" the Court denies such a request. Resp. at 29. State Farm specifically asks to "immediately depose each Plaintiff." *Id*. at 29-30. But State Farm does not limit the request for discovery to any particular issue. Instead, State Farm appears to seek broad discovery that would entail the merits of the claims to include the nature and scope of representations at issue. Such discovery wades too far into pre-trying the merits.

## V.    Plaintiffs' Request for Attorney Fees

Plaintiffs request an award of attorney fees. When a case is remanded to state court under 28 U.S.C. § 1447(c), the nonremoving party may recover its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*. However, "absent unusual circumstances, attorney[] fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Court finds, under this standard, Plaintiffs are not entitled to an award of attorney fees. Although State Farm did not meet its high burden to demonstrate fraudulent joinder, an objectively reasonable basis for removal exists on the record presented. Moreover, Plaintiffs have failed to demonstrate that any "unusual circumstances" warrant an award of attorney fees.

## VI.   Conclusion

For the reasons set forth, the citizenship of the Custers cannot be ignored for purposes of assessing complete diversity and a remand is proper under 28 U.S.C. § 1447(c) because the Court lacks subject matter jurisdiction.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Doc. No. 9] is GRANTED. This action is remanded to the District Court of Oklahoma County, State of Oklahoma. The Clerk of Court is directed to take all actions necessary to effect the remand.

IT IS SO ORDERED this 11th day of February, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE